Hillsborough, {
Jan. 2, 1934. }

## Winford S. Turner *v.* Anna Turner.

*Thorp & Branch (Mr. Thorp* orally), for the libelant.

*Ivory C. Eaton,* for the libelee.

MARBLE, J. Although the time referred to in the motion has expired, the question transferred has been considered, since it is understood that the motion has been informally renewed.

Assuming that the courts of France on principles of comity would hold that the libelee has no power to change the child's domicile and that in legal theory the courts of this state would continue in control of the status, even though the child should remain in France, it by no means follows that in the event of an actual contest the rights of either the father or the present custodian would there receive effective recognition.

The transferred case contains no reference to the laws of France, but by the weight of authority in this country a foreign guardian may be refused possession of his ward if the welfare of the child so requires. *Hanrahan* v. *Sears*, 72 N. H. 71; Beale, "The Status of the Child and the Conflict of Laws," 1 U. Chi. Law Rev., 13, 26, and cases cited. Moreover, upon proof that a custodian is unfit, "the child may be taken from him and be given to another person by the courts of any state into which the child may have come." *Butler* v. *Butler*, 83 N. H. 413, 415. See also *Cowles* v. *Cowles*, 80 N. H. 530, 532; *White* v. *White*, 77 N. H. 26.

Different courts not infrequently hold different views as to what constitutes fitness for guardianship and what best conserves the interests of a child, and though the facts upon which an award of custody is based are so far *res adjudicata* that they cannot be reëxamined in another jurisdiction, "this estoppel extends only to conditions which existed at the time of the original decree." 1 U. Chi. Law Rev. 24. Changed circumstances make new or modified orders necessary, and it is significant that the superior court has twice changed the original order of custody in this case.

"The utmost which is asserted for the extraterritorial effect of such orders is that they should, in the exercise of the customary comity of States and nations, be recognized and enforced . . . so long, and only so long, as the circumstances attending their adoption remain unchanged . . . As a finding of changed conditions is one easily made when a court is so inclined, and plausible grounds therefor can quite generally be found, it follows that the recognition extraterritorially which custody orders will receive or can command is liable to be more theoretical than of great practical consequence." *Morrill* v. *Morrill*, 83 Conn. 479, 492, 493.

The fact that the libelee has already attempted to take her son to

France without leave of court cannot but cast doubt upon her professed willingness to conform to such terms and conditions as the court may now impose. The libelant's right to have access to his son is an important right (*Butler* v. *Butler*, 83 N. H. 413, 416), and should not be jeopardized except for reasons touching the welfare of the child.

On the reported facts the motion should be denied.

*Case discharged.*

BRANCH, J., did not sit: the others concurred.