## DONALD E. HUGHES v. VIRGINIA HUGHES.

150 N. W. (2d) 572.

April 28, 1967—No. 40,197.

*Henry Levine,* for appellant.

MURPHY, JUSTICE.

This is an appeal from an order denying a motion to dismiss a writ of habeas corpus in a child custody dispute. Without a hearing, the trial court summarily held that the nonresident father was entitled to custody of a minor child on the basis of an order of the Superior Court of Contra Costa County, California, amending custody provisions of an order pendente lite in a divorce proceeding. The objecting mother was not permitted to challenge the jurisdiction of the California court to make the order or to present evidence relating to a change of cir-

cumstances or considerations bearing upon the welfare and best interests of the child.

For a statement of the facts, we must rely upon appellant's brief, appellant's oral argument, and the patchwork of writs and orders which make up the record. We are without the benefit of the father's version of the facts and applicable law since no appearance was made by him in this court.

We gather from the unsatisfactory record before us that the appellant mother, while employed by the respondent—a tavern operator—became pregnant with his child. At that time she was a widow with 6 children. Thereafter, the parties were married, but, after 6 troubled months, appellant sued for divorce in Minnesota. A reconciliation was effected when the husband decided to move to California and establish a home there. He induced his wife to bring the children with her and live with him in California. After arriving in California, the husband persuaded the wife to use the savings of the children as a downpayment on the purchase of a home under a contract for deed. They lived in this home during their stay in California. The equity acquired in the home with the children's savings was lost by the husband's failure to make contract payments. The marriage relation continued to deteriorate because of the husband's failure to provide for the family and his physical abuse of his wife.

Upon consulting an attorney in California, the wife discovered that since she had not established a domicile in the state she would not be able to initiate divorce proceedings. The husband, however, did institute a divorce action during the course of which custody of their minor child was granted to the mother but she was enjoined from removing the child from the state. The mother nevertheless returned to Minnesota with all of the children and, upon learning of that fact, the husband secured an order from the California court modifying the custody order so as to give him the sole right of custody to their child. The record is not clear as to why the mother returned to Minnesota with their children, but if we are to accept the oral representations of her counsel, the move was made because they were without means of livelihood in California. It is represented that she was left without fi-

nancial aid from her husband, and, because of lack of domiciliary qualifications, she was unable to secure welfare assistance in California. Accordingly, she reestablished her residence in Minnesota so that she might be provided with aid to her dependent children. It is the contention of the mother that she had no notice of the proceeding in the California court modifying the custody order.

Armed with the order granting him custody of the child, the husband retained counsel in Minnesota to initiate these habeas corpus proceedings seeking the return of his infant son. The district court was of the opinion that it had no jurisdiction to pass on the matter of custody. The court was of the view that, under authority of State ex rel. Glasier v. Glasier, 272 Minn. 62, 137 N. W. (2d) 549, it was required to give full faith and credit to the California order and therefore did not allow a hearing with reference to the merits of the issues presented.

In the Glasier case, the father had brought the children to Minnesota from the established residence of the parties in the State of Washington one day before the mother instituted a divorce action and secured an order of the court granting her custody of the children. The wife appealed to our courts in habeas corpus proceedings to have the children returned to her in the State of Washington, basing her petition upon a valid order of the Washington court granting legal custody of the children to her. We not only gave full faith and credit to the order of the Washington court but also took into consideration the manifestly superior interest of the Washington court in the family relationship and the convenience and propriety of allowing conflicting claims to be settled there. We emphasized that the consideration of overriding importance was the welfare and best interests of the children. It should be noted, however, that in the Glasier case the domicile of the parties was firmly established in the State of Washington. In the case before us, the mother and her child resided in California for only about 6 months and had not established a domicile in that state to qualify her as a resident to initiate divorce proceedings. Moreover, in the Glasier case, no domicile had been established in Minnesota when the habeas corpus proceeding was initiated, while, in the case

before us, it would appear that the mother and her child had reestablished a domicile in Minnesota when the order of the California court was served upon her.

In the later case of Willmore v. Willmore, 273 Minn. 537, 541, 143 N. W. (2d) 630, 633, which involved the question of custody of children whose residence had been established by the mother in Minnesota, but who had been removed to a foreign jurisdiction, we pointed out:

"* * * There is occasional recognition that courts of two or more different jurisdictions may have concurrent jurisdiction over the custody of a child. Brown v. Stevens, 118 App. D. C. 57, 331 F. (2d) 803. We gather that, in the final analysis, all courts strive to act with wisdom and sincerity in matters pertaining to the welfare of the child and, by a policy of 'comity,' give effect to orders of foreign jurisdictions where such jurisdiction was invoked on a realistic and practical basis. Annotation, 13 A. L. R. (2d) 306; Ehrenzweig, Conflict of Laws, pp. 281 to 282; People ex rel. Halvey v. Halvey, 185 Misc. 52, 55 N. Y. S. (2d) 761, affirmed, 330 U. S. 610, 67 S. Ct. 903, 91 L. ed. 1133; White v. White, 77 N. H. 26, 86 A. 353; Boardman v. Boardman, 135 Conn. 124, 62 A. (2d) 521, 13 A. L. R. (2d) 295; Sampsell v. Superior Court, 32 Cal. (2d) 763, 197 P. (2d) 739."

While it may well be that our holding in the Glasier case has application here, we are not prepared to say on the record before us that the court should apply that holding without hearing evidence. Where, as here, the jurisdiction of the California court may be suspect, and where the welfare and best interests of the child are concerned, the matter should not be summarily disposed of without a hearing. This observation is of particular force where the natural rights of a mother to her child are involved.

It seems to us that the wife should have been permitted a hearing which would test the validity or invalidity of the California order awarding custody to her husband and inquire into questions of proper service, jurisdiction over the parties, appearance by the parties and their attorneys, opportunity to be heard, and the manner in which the

California proceeding was litigated. Moreover, the wife should be permitted to present evidence relating to any change of circumstances bearing upon or affecting the welfare of the child. New York ex rel. Halvey v. Halvey, 330 U. S. 610, 67 S. Ct. 903, 91 L. ed. 1133; Annotation, 4 A. L. R. (3d) 1277, 1302; Annotation, 13 A. L. R. (2d) 306.

Reversed and remanded.