Carroll,
No. 5933.

NANCY A. HASTINGS VEILLEUX

*v.*

RICHARD HASTINGS.

Argued June 4, 1969.
Decided October 31, 1969.

*J. Francis Roche* ( by brief and orally ), for the plaintiff.

*Ovila J. Gregoire, Upton, Sanders & Upton,* and *Ernest T. Smith, III* ( *Mr. Smith* orally ), for the defendant.

PER CURIAM. This is a petition filed on January 10, 1968 by the defendant husband seeking an order vacating, or modifying, or granting a rehearing, of a decree of the Superior Court entered on May 26, 1967, awarding custody of the minor children of the parties to the plaintiff wife. The decree of May 26, 1967 followed a hearing at which the husband was defaulted and found to be "in continued contempt." The decree vacated an original order which had granted custody to the husband five months previously.

The petition to vacate or modify the decree of May 26, 1967 was denied by the Superior Court ( *Dunfey,* J. ). Subject to the wife's exception, the Court ordered: "Petition to modify insofar as it relates to a change of circumstances since decree of May 26, 1967 to be set down for hearing provided that the petitioner files further specifications on or before August 2, 1968." The questions of law raised by the plaintiff wife's exception to the latter order were reserved and transferred. The only question before us is whether the order of the Trial Court was an abuse of discretion.

The petition to set aside or vacate the decree of May 26,

1967 contained numerous allegations relative to events which transpired prior to the date of the decree. It also contained an allegation that the wife took the minor children from their school in Connecticut on June 5, 1967 without the knowledge of the husband, and in disregard of the fact that the school year had not then been completed. It alleged in substance that the best interests of the children would be served by continuing their care and custody in the husband and his present wife. See *Clark* v. *Clark*, 96 N. H. 443; *Lemay* v. *Lemay*, 109 N. H. 217.

The wife's answer alleged that the husband had refused to surrender the children to her on June 3, 1967 despite notice of the order of May 26, 1967; and she sought dismissal of the petition upon ground of res judicata. In support of her exception she argues that the petition alleged no material change in circumstances after May 1967 which would warrant the Trial Court in entertaining the petition.

In permitting the moving party to file specifications relating to changes in circumstances since May 26, 1967, the Trial Court clearly acted within its discretion. See *Whitney* v. *Hood & Sons*, 88 N. H. 483. Since the jurisdiction of the Court is a continuing one a petition for modification because of changed circumstances could be filed by either party at any time. *Vezina* v. *Vezina*, 95 N. H. 297; *Athorne* v. *Athorne*, 100 N. H. 413, 419. There was no abuse of discretion in allowing the issue to be raised in the pending proceeding instead of requiring the action to be brought forward anew. *Coffin* v. *Coffin*, 81 N. H. 284; *Buck* v. *Buck*, 97 N. H. 178.

The order in this court is

*Exception overruled.*