## IN RE PETITION FOR WRIT OF HABEAS CORPUS OF NORMA S. BARKER v. JAMES C. BARKER.

176 N. W. (2d) 99.

March 13, 1970—No. 42328.

*Cragg & Bailly,* for appellant.

*Kelly, Odell & Penberthy,* for respondent.

OTIS, JUSTICE.

This is an appeal from an order of the district court quashing a writ of habeas corpus obtained by Norma S. Barker to secure custody of her children under a South Carolina decree, which order also granted James C. Barker a hearing on his motion for a change of custody.

In 1961, James Barker and Norma Barker were married in Georgia. They had three children. In 1967 while living in South Carolina they separated. A custody hearing was held in November of that year. In December the South Carolina court gave each party custody for alternate 6-month periods, Mrs. Barker from September 1 to March 1, and James Barker from

March 1 to September 1. The court expressly reserved jurisdiction to review its order upon a change of circumstances.

On April 1, 1968, Mrs. Barker surrendered custody to the father pursuant to the South Carolina order. On July 8, 1968, she commenced an action for divorce. Several days later Barker moved to Minnesota. During the summer of 1968, he offered to pay Mrs. Barker her expenses in coming to Minnesota if she wished to resume custody on September 1, 1968. However, she did not respond. In November she was involved in an accident which rendered her incapable of caring for the children for about 5 months. In these proceedings commenced in September 1969, James Barker has sought and obtained an order setting down for trial a hearing on his motion for a change of custody.

The only issues on appeal are, first, whether Minnesota has jurisdiction; and, second, whether it was proper to quash the writ of habeas corpus without an evidentiary hearing.

Appellant contends that we are bound by the South Carolina order. However, child custody orders are not entitled to full faith and credit, May v. Anderson, 345 U. S. 528, 73 S. Ct. 840, 97 L. ed. 1221; In re Welfare of Longseth, 282 Minn. 28, 162 N. W. (2d) 365, but will be honored simply as a matter of comity. The state which has the greater interest in the children is permitted to determine the custody question. See, In re Welfare of Longseth, *supra;* Mr. Justice Frankfurter's dissent in Kovacs v. Brewer, 356 U. S. 604, 78 S. Ct. 963, 2 L. ed. (2d) 1008; Ehrenzweig, Conflict of Laws, § 86B. Accordingly, we hold that as a matter of constitutional law the South Carolina custody order is not binding on Minnesota.

We have held that where a child is surreptitiously removed to Minnesota we will not take jurisdiction except under extraordinary circumstances. Tureson v. Tureson, 281 Minn. 107, 160 N. W. (2d) 552; State ex rel. Glasier v. Glasier, 272 Minn. 62, 137 N. W. (2d) 549. That we otherwise have jurisdiction was made clear by State ex rel. Larson v. Larson, 190 Minn. 489, 252 N. W. 329, where we said that upon divorce a child's domicile

follows that of the parent to whom custody has been given. There, we found that a child was domiciled in Minnesota although, as in the instant case, she was being retained here beyond the time specified in the split-custody order.

As a matter of sound judicial policy, however, we will ordinarily give effect to the decree of a sister state unless there is a showing that because of circumstances in Minnesota the best interests of the children will be served by declining to do so. In re Welfare of Longseth, *supra*.

Here, there is no such showing. Thus, the quashing of the writ was, at best, premature. If the return and affidavits of respondent father are correct, it is possible there are grounds for a change of custody. The father has had continuous custody for about 18 months. In September 1968 the mother was offered funds to travel to Minnesota but declined to do so. The father has remarried since the original custody order, and two of the children are here in school. These facts, we hold, are sufficient to warrant a full evidentiary hearing.

While it would be equally appropriate to conduct the hearing in South Carolina, Minnesota is a more convenient forum because the children have been here for 18 months and two are now in school. As a condition to assuming jurisdiction, the trial court will make appropriate provision for requiring the father to pay the mother's traveling expenses and attorney's fees.

Minnesota therefore has jurisdiction to determine what disposition will best serve the interests of the children, and may, but need not, acquiesce in the South Carolina order as a matter of comity.

Reversed and remanded.