VALERIE JEANNE COPPLE, APPELLANT, v. THOMAS DALE COPPLE, APPELLEE.

185 N. W. 2d 846

Filed April 16, 1971. No. 37711.

Kelly & Kelly, for appellant.

William M. Connolly and David N. Shepherd, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This case involves the custody of two minor children of relator and respondent. The district court denied relator's petition for a writ of habeas corpus. We affirm the judgment of the district court.

Relator obtained an uncontested decree of divorce from respondent in the State of Colorado on October 24, 1967. She was awarded custody of Regan Dale Copple and Gretchen Christine Copple, the minor children of the parties, then aged 3 and 2 years, respectively, in accordance with a stipulation entered into by relator and respondent. Respondent subsequently moved to the State of Nebraska and in September of 1968 surreptitiously removed the children to Nebraska without the sanction of

the Colorado court. Relator has instituted this habeas corpus action for the purpose of again obtaining custody of the children.

Respondent was 29 years of age and employed as a music teacher in the Hastings public schools. On April 10, 1968, relator left the children with respondent and took them back on July 26, 1968. Relator was 22 years of age and stated she owns and operates an interior design shop in Colorado Springs, Colorado, but it was not yet in operation. During the 3 years preceding trial, she had been employed in approximately 15 different positions. Relator denied she had been arrested on September 4, 1968, and charged with prostitution, but when faced with the court record, admitted she had been. She admitted to being in a house other than her residence on May 22, 1969, when it was raided by the police and she was again arrested and charged with prostitution and maintaining a bawdy house. In each case a nolle prosequi was entered.

Respondent stated he took the children after learning about the charges filed against relator. The children were then very nervous, insecure, and emotionally disturbed. He had them tested in the state hospital and took them for weekly treatment for several months. This condition of the children and their subsequent improvement is verified by the testimony of a clinical psychologist.

A former acquaintance of relator testified by deposition to numerous admissions by relator to acts of prostitution and to having actually witnessed such acts by relator on two or three occasions.

The statutes of Colorado provide that orders regarding the custody of children may be changed after the entry of a divorce decree as circumstances may warrant. See, § 46-1-5, Colorado Rev. Statutes, 1963; Searle v. Searle, 115 Colo. 266, 172 P. 2d 837.

It is contended that the Constitution of the United States requires us to give full faith and credit to the

Colorado decree. While this is ordinarily true as to the judgments of sister states, it is not true in cases of this nature. The judgment was subject to change under Colorado law and it is held in Kovacs v. Brewer, 356 U. S. 604, 78 S. Ct. 963, 2 L. Ed. 2d 1008, that: "Whatever effect the Full Faith and Credit Clause may have with respect to custody decrees, it is clear, as the Court stated in Halvey, 'that the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered.'" See, also, Halvey v. Halvey, 330 U. S. 610, 67 S. Ct. 903, 91 L. Ed. 1133; Annotation, 160 A. L. R. 408.

Ordinarily effect will be given to the judgment of a sister state fixing the custody of minor children as a matter of comity unless circumstances require a change in the interests of the minors' welfare. Child custody provisions of a divorce decree entered in a sister state have no extraterritorial effect upon questions of proper custody arising under circumstances materially changed with reference to the welfare of the children. See, Barker v. Barker, 286 Minn. 314, 176 N. W. 2d 99; Annotation, 160 A. L. R. 408. When a child has been surreptitiously removed from the state which had fixed custody pursuant to a divorce decree, the courts of a sister state are very reluctant to refuse comity and will do so only under extraordinary circumstances. See State ex rel. Glasier v. Glasier, 272 Minn. 62, 137 N. W. 2d 549. Surreptitious acts of this nature are not to be encouraged, but on the contrary, soundly condemned. Children are not to be punished for the unlawful act of the parent and when the circumstances clearly indicate an extraordinary detriment to the children if comity is extended, it will be denied. It was stated in Winter v. Crowley, 374 F. 2d 317 (D. C. Cir., 1967), that: "The welfare of minors is not to be determined by legal technicalities, or by adversary rights as between the parents or other custodians, or by contumacy or other reprehensible conduct of the parents which does not have a direct bear-

ing on the children's welfare." See, also, People ex rel. Bukovich v. Bukovich, 39 Ill. 2d 76, 233 N. W. 2d 382.

It is the position of this court that when a court's jurisdiction is invoked by a habeas corpus petition seeking custody of a child, the child becomes a ward of the court and the prime consideration is the welfare of the child. "The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the child, but it arises out of the power that every sovereignty possesses as parens patriae to every child within its borders to determine its status and the custody that will best meet its needs and wants, and the residence within the state suffices even though the domicile may be in another jurisdiction." In re Application of Reed, 152 Neb. 819, 43 N. W. 2d 161.

In the present instance there has been a very major change in circumstances relating to the custody of the children since the original decree was entered in Colorado awarding their custody to relator. Relator has entered into a life of prostitution and has become morally unfit to retain the custody of her children. The change is an extraordinary one and would necessarily entail a setting aside of its decree as to custody were it called to the attention of the Colorado court. What Colorado may do, Nebraska may do, and we would indeed be remiss in our duties were we to approve relator's petition for custody and return these children to a mother who had maintained a home for them in a house where prostitution was practiced.

The judgment of the district court is affirmed and the petition for a writ of habeas corpus denied.

AFFIRMED.