Carroll,
No. 6186.

STEPHEN F. POTTER

*v.*

HERMINE S. ( POTTER ) ROSAS.

April 30, 1971.

*William D. Paine II* ( by brief and orally ) for the libelant.

*Shaines, Madrigan & McEachern* and *John H. McEachern*
( *Mr. McEachern* orally ) for the libelee.

GRIFFITH, J. On a petition to modify a decree of divorce and
custody brought by the libelant the libelee's motion to dismiss for
lack of jurisdiction was denied by *Loughlin*, J., who reserved and
transferred libelee's exception.

The dispute here relates to the custody to Mireille Potter, child
of the parties, who was born in Moetsch near Bitburg, Rheinland-
Pfalz, Germany on November 21, 1962. In 1968, when the ori-
ginal divorce action was begun, both libelant and libelee were
domiciled in New Hampshire but Mireille, their only child, was
living with Mrs. Gean Frising in Schifflang, Luxembourg. It
appears that in 1964 Mrs. Frising was visiting her sister Hermine
S. Potter in New Hampshire and it was agreed she should take
Mireille home to Luxembourg with her. The child has remained
in Luxembourg since that time.

A divorce was decreed to Stephen F. Potter, October 1, 1968.
A stipulation signed by the parties was adopted by the court in
its decree. This decree gave custody of the minor child to Her-
mine S. Potter but recognized the foreign residence of the child,
with a provision for support to be effective when the child was
returned to this country. Both parties have remarried since the
divorce and Hermine S. Potter, now Rosas, has resided in Cali-
fornia since the divorce.

The present petition was brought by Stephen F. Potter a resi-
dent of Conway alleging that Hermine who was awarded custody
of Mireille has not had the child with her since 1965. He further
claims that he has been unsuccessful in his efforts to secure the
return of Mireille from Luxembourg and seeks modification of the
prior decree to give custody of the child to him.

Hermine S. ( Potter ) Rosas the libelee entered a special ap-
pearance and moved to dismiss the petition on the grounds that
this court had no jurisdiction.

In the present situation with the libelee now domiciled in Cali-
fornia, the libelant here and the child in Luxembourg, only
Luxembourg or New Hampshire has potential jurisdiction in the
case. Libelee's position assumes that only Luxembourg, where
the child is physically present, has that jurisdiction.

Initially both parents were domiciled in New Hampshire and
the court had jurisdiction to award custody even though the
child was not present in the State. *White* v. *White,* 77 N.H. 26,

86 A. 353 ( 1913 ); Annot., 9 A.L.R.2d 434, 442 ( 1950 ). This jurisdiction was a continuing one and the original order of the court is subject to modification upon petition of either party. *Vezina* v. *Vezina*, 95 N.H. 297, 62 A.2d 756 ( 1948 ); *Athorne* v. *Athorne*, 100 N.H. 413, 419, 128 A.2d 910, 914 ( 1957 ); *Veilleux* v. *Hastings*, 109 N.H. 568, 258 A.2d 359 ( 1969 ).

It does not appear that Luxembourg has ever exercised juris - diction in this case although the presence of the child there would permit them to do so. *Sheehy* v. *Sheehy*, 88 N.H. 223, 186 A. 1 ( 1936 ). Libelee's position, which assumes that only one state or country has jurisdiction to determine custody, is not supported by modern authorities. Jurisdiction may rest in " any of three places: ( 1 ) the domicile of the child, ( 2 ) where the child is physically present in the state, and ( 3 ) where the parties claiming custody are personally before the court regardless of the presence or domicile of the child. " Leflar, American Conflicts Law *s.* 245, at 587 ( 1968 ed. ); *Sampsell* v. *Superior Court*, 32 Cal. 2d 763, 197 P.2d 739 ( 1948 ); Restatement ( Second ) of Conflict of Laws *s.* 79 ( Proposed Official Draft 1967 ).

The majority opinion in *Application of Enke,* 129 Mont. 353, 287 P.2d 19 ( 1955 ), relied upon by libelee, supports her conten - tion that jurisdiction is exclusive with the forum where the child is physically present. We do not accept this exclusive jurisdiction approach nor do we agree with libelee's argument that *Sheehy* v. *Sheehy*, 88 N.H. 223, supports this view. The *Sheehy* case recog - nized the jurisdiction of the New York court to amend a custody order when the child was in New Hampshire and limited the jurisdiction of our court to changes in circumstances subsequent to the New York order.

The fragility of custody orders  exported  to other states or countries having potential jurisdiction to modify them ( *see Turner* v. *Turner*, 86 N.H. 463, 169 A. 873 ( 1934 ) ) does not warrant the denial of a forum in this state which has jurisdiction over the parents and has already made a decree as to custody. Indeed the mobility of modern life has led courts to provide a forum they would otherwise deny. *See Wilburn* v. *Wilburn*, 192 A.2d 797 ( D.C. Ct. App. ( 1963 ) ); Annot., Forum Non Conveniens — Mari - tal Disputes, 9 A.L.R. 3d 545 ( 1966 ). In the present case where jurisdiction can lie only in Luxembourg and here, and Luxem - bourg has chosen not to exercise it, we are required to furnish the forum. *Van Dam* v. *Smit*, 101 N.H. 508, 509 - 10, 148 A.2d 289 ( 1959 ). The court may determine that the best interests of the

child dictate that custody be awarded to Mrs. Gean Frising in Luxembourg and, if she consents, may so order ( *Butler* v. *Butler*, 83 N.H. 413, 143 A. 471 ( 1928 ) ), or it may limit its determination to the parties presently before it.

The libelee claims that the petition for modification does not set forth facts alleging any change of circumstances which would require a change in custody. The petition sets forth the nature of the dispute and alleges remarriage of the plaintiff and establishment of a home in New Hampshire. This is sufficient to enable a court to determine the controversy. *Lester* v. *Lester*, 109 N.H. 359, 360, 252 A.2d 429, 431 ( 1969 ); *Stone* v. *Stone*, 111 N.H. 167, 276 A.2d 924 ( 1971 ).

*Exception overruled; remanded.*

All concurred.