JACK LEE LOVEALL ET AL., APPELLEES, V. MARJORIE A. R. LOVEALL, APPELLANT.

197 N. W. 2d 381

Filed May 12, 1972. No. 38297.

Christensen & Glynn and Lawrence C. Sandberg, Jr., for appellant.

F. W. Carstens of Carstens & Carstens, for appellees.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

BOSLAUGH, J.

This is a proceeding in habeas corpus by Jack Lee Loveall, Marion Loveall, and Rowena Loveall to obtain the custody of Jack Lee Loveall, Jr., a minor. Jack Lee Loveall, who will be referred to as the plaintiff, is the father of the child. Marion Loveall and Rowena Loveall are the parents of the plaintiff. The defendant, Marjorie A. R. Loveall, is the mother of the child. She has since remarried and her name is now Brecht.

The plaintiff and the defendant were married on January 29, 1965. Jack Lee Loveall, Jr., was born July 4, 1965. On July 22, 1970, the plaintiff commenced an action for divorce in Colorado. Both parties were then residents of Colorado, and personal service was had upon the defendant. Later the defendant filed an answer and counterclaim and was represented by counsel throughout the Colorado divorce proceedings.

The defendant appeared in person at a hearing on temporary custody, alimony, and support on December 9, 1970. Upon a stipulation of the parties, the Colorado court granted temporary custody of Jack Lee Loveall, Jr., to Marion Loveall and Rowena Loveall. The defendant did not comply with this order and moved to Beatrice, Nebraska, on December 23, 1970.

On January 26, 1971, the plaintiff was granted a final decree of divorce by the Colorado court. On June 14, 1971, the Colorado court found that "the defendant is *not* a fit and proper person to have the care, custody and control of the minor child, Jack Lee Loveall, Jr.," and awarded the custody to the plaintiff and his parents jointly. The defendant refused to surrender the

child to the plaintiff. This action was commenced on August 24, 1971.

The trial court found the Colorado court had jurisdiction of the parties and the minor child; the Colorado decree should be considered as a matter of comity; the plaintiff and his parents were fit persons to have the custody of the child; and there had not been a change in circumstances sufficient to justify granting custody to the defendant. The defendant has appealed.

The defendant contends that the Colorado decree as to child custody was void because at the time the divorce proceedings were commenced the child was in Nebraska and the defendant was not domiciled in Colorado. The issue raised was a question of fact.

After a separation in 1968, the parties lived together in Des Plaines, Illinois. A second child, Robert Lee Loveall, was born on February 4, 1969. At the temporary custody hearing on December 9, 1970, the Colorado court determined that the plaintiff was not the father of Robert Lee Loveall.

The parties moved back to Denver, Colorado, in June 1969. They separated again in October 1969, and the defendant moved to Nebraska. In June 1970, the defendant returned to Colorado with the children and the parties lived together for a short time. On July 11, 1970, the children were taken to Beatrice, Nebraska, by defendant's parents. The evidence indicates that this was intended to be a temporary visit, but Jack Lee Loveall, Jr., was never returned to Colorado. The defendant remained in Colorado until December 23, 1970, when she moved to Beatrice, Nebraska. Although there is some conflict in the evidence, we think it sustains the finding of the trial court that the defendant was domiciled in Colorado at the time the divorce action was commenced. See Restatement, Conflict of Laws 2d, § 79, Comment c, p. 239, stating that a court with personal jurisdiction of the parties may determine custody of a child as between the parties although the child is

neither domiciled nor present in the state.

The defendant complains that the trial court decided the case on the ground that the Colorado decree should be recognized as a matter of comity and not on the basis of the best interests of the child. That is not an accurate summarization of the trial court's decision, but it is not important because the matter is here for review de novo. State ex rel. Cochrane v. Blanco, 177 Neb. 149, 128 N. W. 2d 615.

In a habeas corpus proceeding to determine the custody of a child the prime consideration is the welfare of the child. Copple v. Copple, 186 Neb. 696, 185 N. W. 2d 846. This does not mean that a prior judgment in another state determining custody as between the parties will be disregarded. Ordinarily, effect will be given to such a judgment as a matter of comity unless a change in circumstances requires a different result. Copple v. Copple, *supra*. See, also, In re Application of Reed, 152 Neb. 819, 43 N. W. 2d 161.

The problem in this case arises out of the finding by the Colorado court that the defendant was guilty of "not just substantial but overwhelming evidence of acts of sexual promiscuity and other acts of misconduct" which were detrimental to the welfare of Jack Lee Loveall, Jr. This finding, made 10 weeks before this action was commenced, together with the entire absence of evidence of unfitness on the part of plaintiff, are controlling circumstances.

The defendant's evidence established that she and her new husband have an adequate home; that Jack Lee Loveall, Jr., is well adjusted in his present environment; that Jack Lee Loveall, Jr., has formed an attachment for his half-brother, Robert; and that he will miss the company and companionship of Robert. We do not consider these facts to be sufficient to overcome the defendant's previous history of misconduct and unfitness. This is particularly true in view of the brief interval between the Colorado decree regarding custody

and the commencement of this action. The record does not show a change in circumstances sufficient to require that the plaintiff be denied custody of Jack Lee Loveall, Jr.

The judgment of the district court is affirmed.

AFFIRMED.