IN RE INTEREST OF KAREN VOGT, A CHILD UNDER 18 YEARS
OF AGE.
STATE OF NEBRASKA, APPELLEE, V. OTTO E. VOGT, JR.,
ET AL., APPELLANTS.

206 N. W. 2d 849

Filed May 4, 1973. No. 38743.

David M. Geier, for appellants.

Paul L. Douglas and Janice L. Gradwohl, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

In this action the Separate Juvenile Court of Lancaster County terminated all parental rights between Frances and Otto Vogt and their child, Karen Vogt. We affirm.

Karen, who was born April 19, 1969, was removed from the custody of her parents September 16, 1970, and placed in an approved foster home under the supervision of the Lancaster County department of public welfare. Both parents consented to this award of temporary custody.

On June 11, 1971, a hearing was held on an amended petition alleging Karen to be neglected due to the fault and habits of her parents. We summarize the allega-

tions. The mother of said child threatened to beat and kill said child. The father had assaulted and beaten the mother on various occasions. During the time the child was in the home of her parents she was dirty and unkempt. The family home was burned in a fire started when the father was welding in an area where fuel was kept. The city housing consultant had found that in its present condition the dwelling of the parents was unsafe for additional occupants. The parents have been involved in domestic problems and are unable to provide a stable home for said child.

The court found the allegations of the amended petition to be generally true and Karen Vogt to be neglected due to the fault and habits of her parents, and in a situation dangerous to life and limb and injurious to health. Her temporary custody was given to the Lancaster County department of public welfare for placement in an approved foster home. The order further provided that the department of public welfare was to work with Otto and Frances Vogt in an attempt to correct the condition of neglect, in order that the child could be returned to her parents.

On June 29, 1972, a hearing was held upon an amended supplemental petition alleging that Karen Vogt was a neglected child, and requesting termination of parental rights. The court specifically found that reasonable efforts had been made under the direction of the court to correct the conditions of neglect, without success. Appellants complain because the court did not direct efforts of the parents to correct the conditions which existed at the time of the original finding of neglect. There is no merit to this contention. As the court found, the primary conditions of neglect were conditions that needed to be corrected by the parents and correction by outsiders could not alleviate the problems.

The record evidences deplorable conditions in the residence of the parties subsequent to the original finding of neglect. It also evidences the failure of the parents

to take any concerted action to correct those conditions. We note a lack of interest of the parents in the welfare of the child from the time the child was taken from the home to the time of the trial. A 9-year-old brother of Karen, who has not been in the parents' home since shortly after birth, is being raised in the home of his maternal grandmother in another county.

The court specifically found the parties permitted an unmarried man and woman to live together on the premises with them. It also found the mother of the child was herself involved in an improper relationship. It further found the conduct of the parents and the conditions in the home would be seriously detrimental to the health, morals, and wellbeing of the child were the child to be returned to the parents.

The law is well settled that child custody statutes of the State of Nebraska are to be liberally construed to accomplish the purpose of serving the best interests of the child involved. State v. Randall (1971), 187 Neb. 64, 187 N. W. 2d 586.

We have said, in cases involving child custody, the finding of the trial court both as to the evaluation of the evidence and as to the matter of custody will not be disturbed unless there is a clear abuse of discretion or the decision is against the weight of the evidence. State v. Randall, *supra*.

We are convinced from a reading of the record herein there has been no abuse of discretion. The best interests of the child requires a termination of all parental rights in the Vogts. Believing as we do that the judgment rendered herein is the only one possible on the record, to delay further in the termination of the parental rights between the Vogts and their child would be detrimental to the best interests of the child. In view of that conclusion, the trial court rendered the only judgment permissible herein. The judgment is affirmed.

AFFIRMED.