JOHN WAYNE RAY v. SANDRA JOY RAY.

217 N. W. 2d 492.

April 19, 1974—No. 44409.

*Gerald C. Martin,* Legal Aid Service of Duluth, for appellant.
*Eckman, Mellum & Bieter* and *Thomas J. Bieter,* for respondent.

PER CURIAM.

This is an appeal from a district court order granting a writ of habeas corpus. John Wayne Ray, a nonresident father sought custody of his child, Jodi Lynn Ray, through application for a writ of habeas corpus supported by a custody order from a county court of South Carolina. Originally, custody of the child was given to the mother, Sandra Joy Ray, under a 1969 South Carolina divorce decree. In 1973, however, a South Carolina court order transferred custody to the father. The Minnesota

district court, in granting the writ to the father, honored the South Carolina custody order as a matter of comity.

The only issue on appeal is whether the district court properly gave extraterritorial effect to the South Carolina order. We find that the South Carolina court did not have jurisdiction and the custody order should not have been honored. We must reverse.

John Wayne Ray and Sandra Joy Ray were married in Duluth in 1966 but moved to South Carolina while Ray was in the military service. The wife returned to Minnesota, and John Ray secured a divorce in South Carolina on the grounds of desertion. The South Carolina divorce decree gave custody of the child to the mother and the child has been in her mother's custody ever since leaving South Carolina. Jodi Lynn Ray is now over 6 years of age, lives with her mother, and attends school in Duluth.

John Ray did not visit either his former wife or child between July 1967 and the summer of 1972. In the summer of 1972 Sandra and John Ray agreed that Jodi could visit her father in South Carolina for one month. Later they agreed to an extension of the visit until August. When the child was not returned at the end of the agreed visitation period, Sandra Ray traveled to South Carolina to get her child. Once in South Carolina she was informed that a custody hearing was to be held. Represented by counsel, she attended the hearing and was given temporary custody pending the issuance of the court's order. The mother and child then returned to Duluth after the issuance of the temporary custody order, and 8 months later, in April 1973, the South Carolina court ordered a change of the child's custody.

Neither the district court nor the South Carolina court found the mother to be unfit or the child to be neglected, abused, or otherwise in need of the court's protection.

Sandra Joy Ray is domiciled in Minnesota. Since a child's domicile follows that of the parent to whom custody has been given, Jodi Lynn Ray is also domiciled in Minnesota. State ex rel. Larson v. Larson, 190 Minn. 489, 252 N. W. 329 (1934); MacWhinney v. MacWhinney, 248 Minn. 303, 79 N. W. 2d 683

(1956). John Wayne Ray is not domiciled in Minnesota. He presently is remarried and resides in South Carolina.

We said in In re Petition of Barker v. Barker, 286 Minn. 314, 315, 176 N. W. 2d 99, 101 (1970), "* * * [C]hild custody orders are not entitled to full faith and credit." If custody orders are given extraterritorial effect, it is on the basis of comity. But custody orders will not be given extraterritorial effect when the foreign court lacked jurisdiction. Hughes v. Hughes, 276 Minn. 380, 150 N. W. 2d 572 (1967).

In the Larson case and subsequent cases, we stated the general rule of jurisdiction in custody proceedings. The state of the child's domicile, the state with the greater interest in the child, is the state with the power to determine custody of the child. A custody proceeding is in the nature of an action in rem, the child's status being the res. Therefore, only the court of the state where the child is domiciled may change that status. State ex rel. Larson v. Larson, *supra;* State ex rel. Glasier v. Glasier, 272 Minn. 62, 137 N. W. 2d 549 (1965); In re Petition of Barker v. Barker, *supra.* Since Jodi Lynn Ray was not domiciled in South Carolina, the South Carolina court lacked the power to issue an order changing custody of the child.

There is an exception to this general rule. We recognize that the court of the state where the child is domiciled may have concurrent jurisdiction with the court of another state when the child is present in that state, there is no outstanding judicial award of custody by a foreign court, and that state acts in furtherance of the childs' welfare. State ex rel. Jaroszewski v. Prestidge, 249 Minn. 80, 81 N. W. 2d 705 (1957). However, this exception does not provide a basis for South Carolina's jurisdiction. It is true that at the time of the South Carolina custody hearing, the child was present and both parents were present and represented by counsel. There were no outstanding judicial awards of custody by a foreign court. But the South Carolina court did not act in furtherance of the child's welfare within the meaning of the Larson and Glasier cases. In Larson we said:

"* * * Except where necessary as a police measure * * * it would seem that the only court which has the power to fix, to change, or to alter this status is the court of the state in which the minor child is domiciled." 190 Minn. 491, 252 N. W. 330.

In examining the record we do not find that it was necessary for the South Carolina court to take jurisdiction as a police measure. Therefore, this case does not fall within the exception to the rule stated in the Larson case. The South Carolina court lacked jurisdiction.

Reversed.