LINDA DALLMANN, APPELLANT, V. PAT MEHRER ET AL., APPELLEES.

222 N. W. 2d 827

Filed October 31, 1974. No. 39450.

Zane M. Pic, for appellant.

Van Steenberg, Brower & Chaloupka, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding involving the custody of two minor children. The trial court found the custody of the children should be awarded to the defendant, Marlyn Dallmann. The plaintiff, Linda Dallmann, has appealed.

The plaintiff and the defendant were divorced in 1970 in San Mateo County, California. In that proceeding the custody of their children, Cameron, now 11 years of age, and Debra, now 10 years of age, was awarded to the plaintiff. In 1973 the defendant commenced a proceeding in the California court to obtain custody of the children. On the day before a hearing was to be held in that proceeding, the plaintiff appeared at the defendant's home in California and took the children from the home where they were visiting and returned them to Nebraska.

This action was commenced to enjoin the defendant and the plaintiff's parents, Pat Mehrer and Doug Martindale, from interfering with the plaintiff's custody of the children. The defendants filed an answer and cross-petition in which they asked that the custody of the children be transferred to the defendant father. The case was tried upon the cross-petition and resulted in a judgment transferring the custody to the defendant.

There can be no question concerning the jurisdiction of the trial court to determine the custody of the children. The plaintiff and the children were residents of Nebraska when this action was commenced. All the other parties were before the court. The jurisdiction of a state to determine the status and custody of a child extends to every child within its borders. In re Application of Reed, 152 Neb. 819, 43 N. W. 2d 161. A foreign divorce decree has no extraterritorial effect upon questions of proper custody arising under circumstances materially changed with reference to the welfare of the children. Copple v. Copple, 186 Neb. 696, 185 N. W. 2d 846.

The significant evidence in this case relates to the conduct of the plaintiff after she returned to Nebraska following the divorce in California. The record shows without dispute the plaintiff has been sexually promiscuous and that conduct has taken place in the home on occasions when the children were there. Recently, the plaintiff has been dating a Wyoming man who is identified as a professional gambler. He has stayed at her home on a number of occasions.

The defendant has remarried and maintains a very suitable home in Pacifica, California. He and his wife are active in church affairs and he is able to provide a very satisfactory environment for the children. The record fully supports the finding of the trial court that the best interests of the children require the custody be transferred to the defendant.

The judgment of the District Court is affirmed.

AFFIRMED.