Cheshire
No. 7482

WAYNE F. WILLETT

v.

MARGARET T. WILLETT

December 30, 1976

*Arthur Olson, Jr.,* by brief and orally, for the plaintiff.

*Peter S. Espiefs,* by brief and orally, for the defendant.

PER CURIAM. In this petition for custody, the issues raised by the defendant involve the jurisdiction of the superior court, whether an Arizona decree is entitled to full faith and credit, and whether the decree of the court awarding custody to the plaintiff is against the weight of the evidence.

The parties were married in Keene, New Hampshire, on December 2, 1967. Two children were born of the marriage who are now six and eight years old. The family moved to Arizona in April 1973, hoping to solve marital problems which were developing. In December, Wayne came to New Hampshire for a vacation.

Before he went back to Arizona, defendant informed him she wanted a divorce. After plaintiff returned to Arizona, the parties separated, the children going with the plaintiff. He thereafter sent them, along with a baby sitter, to Keene by air and he followed in his truck on about January 6, 1975. Margaret started divorce proceedings in Arizona and Wayne was served in New Hampshire by registered mail on January 21, 1975. He defaulted in that action and the Arizona court decreed custody of both children to the mother and a divorce on no-fault grounds on May 19, 1975.

In the meantime, Wayne filed the present petition for custody and the matter was referred to the probation department for investigation on March 28, 1975. Margaret, through counsel, filed a special appearance alleging no jurisdiction and that full faith and credit should be given to her Arizona decree. The trial court ruled that due to the expense of travel, she could contest both jurisdiction and the merits without waiving the special appearance. After hearing, the court awarded custody to the father. Defendant's exceptions were transferred by *Loughlin,* J.

It appears to us that the court had jurisdiction to award custody under RSA 460:17 (Supp. 1975), :18-21. At the time of the decree which is dated December 4, 1975, Wayne had been domiciled in this State for more than six months and the children were within the jurisdiction of the court. *Potter v. Rosas,* 111 N.H. 169, 276 A.2d 922 (1971).

We also hold that full faith and credit was not required to be given to the Arizona decree awarding custody of the children to Margaret. The children were not in Arizona at the time of the decree, Wayne was not served with process there and did not appear, and the divorce was for the no-fault cause that the marriage

was "irretrievably broken." *May v. Anderson,* 345 U.S. 528 (1953).

Defendant argues that the award of custody to plaintiff was against the weight of the evidence. A review of the evidence, which included a probation department report, reveals that the decree was within the broad discretion of the trial court in such matters. *Mangin v. Mangin,* 115 N.H. 489, 343 A.2d 636 (1975).

*Exceptions overruled.*

BOIS, J., did not sit.