SHERYL ANN BIGLEY, APPELLEE, v. HOWARD AND EULALIA TIBBS, APPELLANTS.

225 N. W. 2d 27

Filed January 16, 1975. No. 39511.

E. Merle McDermott, for appellants.

Lester R. Seiler, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is a civil habeas corpus action brought by plaintiff-appellee to obtain permanent care and custody of her son, Kevin Bigley. Eulalia Tibbs is a sister of the child's deceased father. The trial court found the plaintiff to be a fit and suitable person to have the care and custody of Kevin. We reverse and dismiss.

Plaintiff filed a petition for writ of habeas corpus alleging that she was the mother of Kevin Bigley, age 7 years, and that the defendants unlawfully and forcibly detain him contrary to his wishes; and praying that the care, custody, and possession of said minor be awarded to her. Defendants filed a return and answer to the petition, admitting that plaintiff was the mother of the child and that the father was dead. They alleged that the father of the child during his lifetime placed the child in their custody for the reason that the mother had abandoned the child and the family and there was no other one who would take proper care and custody of him other than the defendants.

The plaintiff was married to Lyle Bigley on Novem-

ber 16, 1955. Kevin is the youngest of six children born of the marriage, two of whom were twins, and the oldest of whom was 16 years of age. Lyle Bigley died February 13, 1974. The Bigleys had moved to Colorado with the help of Mr. Bigley's brother, 15 or 16 years previous to the hearing. In June 1970, plaintiff left Denver, abandoning her husband and six children, including Kevin who at that time had just turned 4 years of age. Since that date she has never been back; has not seen the children; and has not communicated with nor had any contact of any nature with them.

The oldest daughter, who was 16 years of age at the time of the trial, testified that she and her dad, with the help of neighbors, relatives, and the welfare agency, took care of the children until her father's death. In her judgment the plaintiff would not be a suitable person to have the care and custody of Kevin. From the time she was 8 years old her mother was gone for weekends and intermittently for a week at a time at least once a month until she left permanently the middle of June 1970. Her testimony of the lack of care given the children by the mother when she was in the home, and an accident which happened while she was in bed, or out of the home cannot be ignored.

Plaintiff's brother-in-law testified to the occasion when he broke a locked door down because the children were crying so violently and found the plaintiff with a pillow over her head so she could not hear them. He corroborated the daughter's testimony of plaintiff being away on numerous weekends during the marriage. He also testified she never kept a good house when she was there.

The plaintiff admitted that she had not seen nor communicated with any of the children after she left the home in 1970. For the past 2 years she has been living with a Donald Baker without the benefit of marriage. After the filing of the petition herein they decided to get married and she expected to marry him 4 days after

the hearing. Donald Baker testified he was 33 years of age and had been previously married. He had been living with the plaintiff for the past 2 years. They were buying a two-bedroom mobile home, which was purchased jointly under the names of Baker and Bigley. He was willing to let plaintiff bring Kevin into their home.

A caseworker for the Adams county division of public welfare visited plaintiff's two-bedroom mobile home 4 days before the trial. There was nothing out of order so far as unsanitary conditions. The plaintiff had four pets, two dogs and two cats. The worker did not find any adverse conditions, but testified it was impossible to make any recommendation on one home study. She had had no contact with the plaintiff previous to the visit.

Mrs. Eulalia Tibbs is the sister of Kevin's father. She is 54 years of age, in good health, and has raised 10 children. Kevin, who is a slow learner, seems to be happy with her. She has him in school and he is getting along all right. She wants the custody of Kevin and would give him as good care as if he were her own child. She wanted him to have a nice, decent, religious home. Howard Tibbs, her husband, is 60 years of age. He has been in the garage business in Grand Island for the past 43 years. He is in full accord with Mrs. Tibbs and believes they can give Kevin a good home.

The plaintiff left the family home permanently 3 months after she had a hysterectomy operation in 1970. The comments of the trial judge would seem to indicate that this might have been the reason for her leaving the home. The evidence, however, is that her problems started long before that period. She had been neglecting the children throughout most of her marriage. For at least 6 or 7 years she had been staying out nights and on occasions was gone for a week at a time. She conceded that this was at least partially the cause of her trouble with her husband.

Plaintiff made no attempt to shed any light on why she left her family. There is no rebuttal of the testimony of her daughter or her brother-in-law about her conduct or about the conditions in the home before she left. The record does not indicate what she did during the approximately 2 years after she left her husband and children in June 1970, and the time she started living with Donald Baker in Hastings, Nebraska.

In a habeas corpus proceeding to determine the custody of a child, the prime consideration is the welfare of the child. Loveall v. Loveall (1972), 188 Neb. 457, 197 N. W. 2d 381.

Plaintiff suggests that Raymond v. Cotner (1963), 175 Neb. 158, 120 N. W. 2d 892, on which she places much reliance, is the proverbial "cow-case." To the extent that Raymond v. Cotner, *supra*, does not hold that the first and primary consideration in any case involving the custody of a child is the best interests of the child, it is overruled.

When a controversy arises as to the custody of a minor child between a parent and a third person, the custody of the child is to be determined by the best interests of the child with due regard for the superior rights, as between the parties, of a fit, proper, and suitable parent. State ex rel. Cochrane v. Blanco (1964), 177 Neb. 149, 128 N. W. 2d 615.

Plaintiff left her husband when the child she now seeks was 4 years old. She made no attempt to communicate with or to see him after June 1970. She provided nothing toward the child's care and upbringing after leaving the family home in 1970. She deserted and completely abandoned the child for more than 3 and ½ years preceding the trial herein. No attempt is made in the record to explain or justify this abandonment. During at least the last 2 years immediately preceding the trial, she had been living in a meretricious arrangement with the man she decided to marry only after the filing of the petition herein. We can come to

no other conclusion than that the plaintiff abandoned the child she now seeks and is not a fit, proper, and suitable parent to have his care, control, and custody.

While the ages of the aunt, 54, and the uncle, 60, may have been the influencing consideration for the trial court placing the child with his mother, we do not feel the best interests of the child are served by this action. The child is almost 8 years of age. He is a slow learner, stutters, and has been subjected to much instability. The next 10 years of his life will be crucial. By virtue of a $2,000 supersedeas bond, Kevin has remained in the Tibbs' home pending appeal. The Tibbs' home is a stable one. The Tibbses are willing to raise Kevin as their own child. He has been adjusting in their home. There he will have the best opportunity for a normal and wholesome development. On the record, the petition of the plaintiff should have been denied. We reverse the judgment of the trial court and dismiss the petition for habeas corpus.

REVERSED AND DISMISSED.

CLINTON, J., concurs in result.