IN RE INTEREST OF CHRISTOPHER O'TOOL, A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. RONALD O'TOOL, NATURAL FATHER, APPELLEE, IMPLEADED WITH DIANE O'TOOL, NATURAL MOTHER, APPELLANT.

246 N. W. 2d 198

Filed October 13, 1976. No. 40403.

Michael C. Washburn of Leahy, Washburn, Render & Cavanaugh, for appellant.

John J. Reefe, Jr., and Donald L. Knowles, for appellee State.

Duane J. Dowd, for appellee O'Tool.

Bruce Pauley, guardian ad litem of Christopher O'Tool.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an appeal in an action which was commenced in the Separate Juvenile Court of Douglas County, Nebraska, to terminate the parental rights of Dianne O'Tool and Ronald O'Tool to Christopher O'Tool who was born October 22, 1973. The petition alleged the parents were unable to discharge parental responsibilities because of mental illness or mental deficiency. Later the petition was amended to allege only that the mother, Dianne, was unable to discharge parental responsibilities because of mental illness or deficiency.

After a lengthy evidentiary hearing, which was continued from time to time, the juvenile court found that

the child was dependent and neglected and continued the cause for a disposition hearing. There was no appeal from the adjudication on October 1, 1974, that the child was dependent and neglected. See State v. Loomis, 195 Neb. 552, 239 N. W. 2d 266.

On July 14, 1975, the juvenile court terminated the parental rights of Dianne O'Tool and placed the child in the custody of Ronald O'Tool under the supervision of Douglas County social services. Dianne has appealed and contends the evidence was insufficient to support the order terminating her parental rights to the child. That is the sole issue on this appeal.

The appellant has a long history of mental illness. Sometime prior to the birth of Christopher she was hospitalized at the Clarinda Mental State Hospital in Iowa. Her first child was placed in a foster home and later placed for adoption. The record indicates that on one occasion the appellant had thrown the first child across the room. The child was taken from her because the authorities were concerned over the child's health and safety.

While the appellant was pregnant with Christopher the appellant sought psychiatric help because she felt that she might not be able to care for Christopher and was afraid that she might harm him. On October 30, 1973, approximately 1 week after birth, Christopher was hospitalized with conjunctivitis and remained in the hospital for 12 days. On November 25, 1973, he was again hospitalized for conjunctivitis and remained in the hospital until November 30, 1973. On December 8, 1973, he was hospitalized for the third time. His illnesses at that time included an upper respiratory infection, diarrhea, and seborrheic dermatitis. In each instance Christopher was not seriously ill and, ordinarily, would have been treated at home. In this case it was necessary to place Christopher in the hospital because the parents were unable to care for him.

This action was filed on December 14, 1973. On De-

cember 17, 1973, the appellant admitted herself to Immanuel Hospital for psychiatric care. On December 21, 1973, temporary custody of Christopher, who was then 2 months old, was given to the Douglas County welfare department for placement in a foster home. Christopher remained in the custody of the welfare department throughout the litigation and until July 14, 1975, when he was placed in the custody of his father under the supervision of the Douglas County social services.

The appellant and Ronald O'Tool are now divorced. Since about July 1, 1974, she has been living in a halfway house in Lincoln, Nebraska. At the time of the final hearing on June 26, 1975, she had not visited Christopher for a year.

The juvenile court may terminate the parental rights of a parent who is unable to discharge parental responsibility because of mental illness or mental deficiency, if there are reasonable grounds to believe that such condition will continue for a prolonged and indeterminate period. § 43-209(5), R. S. Supp., 1976.

The appellant has been diagnosed as a chronic schizophrenic or paranoid schizophrenic. The duration of her illness indicates that she will remain in this condition indefinitely.

The appellant has been unable to care for Christopher since his birth. At the time of the final hearing it was clear that she was then unable to discharge parental responsibilities and there was no indication that she would be able to do so in the future. The record fully supports a finding that it is in the best interests of Christopher that the parental rights of the appellant be terminated.

The judgment is affirmed.

AFFIRMED.