In re Interests of Dawn Michelle Sperling and Stacy Ann Sperling, children under 18 years of age. State of Nebraska, appellee, v. Virginia Sperling, appellant.

247 N. W. 2d 635

Filed December 15, 1976. No. 40684.

Bauer, Galter & Geier, for appellant.

Ronald D. Lahners and Diana M. Bloss, for appellee.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and REAGAN, District Judge.

REAGAN, District Judge.

This is an appeal from an order terminating parental rights of Thomas and Virginia Sperling to their children, Dawn Michelle and Stacy Ann Sperling. Grounds to terminate the natural father's rights were found to

exist under section 43-209 (2), R. S. Supp., 1976, and the order as to the father has become final without appeal. The trial court found Virginia Sperling was unable to discharge parental responsibilities because of mental illness or deficiency, and that there were reasonable grounds to believe her condition would continue for a prolonged indeterminate period. Her parental rights were terminated under section 43-209(5), R. S. Supp., 1976, and she prosecutes this appeal.

Although the trial in this court is de novo on the record, findings of fact made by the trial court are accorded great weight because of the opportunity to hear and observe the parties and the witnesses. State v. Johnson, 196 Neb. 795, 246 N. W. 2d 591. Both experts testifying below agreed that Virginia's problem was chronic undifferentiated schizophrenia. The only dispute of significance centered around the possibility of keeping the condition in a state of remission. Dr. Gray testified in substance Virginia would be unable to discharge the role of parent with its attending pressures, particularly with a history of noncooperation on her part in taking medication and attending counseling. Dr. Chesen testified his prognosis for Virginia was "fair" and that she would be able to discharge parental responsibilities *if* they were gradually phased in over an extended period of time and *if* there was on-going psychiatric monitoring with home nurse visits. He testified his prognosis would worsen if there was poor or minimum follow-up or counseling.

Both children have been in foster or boarding homes since February of 1972. Dawn was born November 7, 1969, and Stacy was born October 29, 1970. Virginia has been hospitalized for her condition several times, dating as far back as 1959. At the time of the hearing, she was unemployed and residing in the State of Maine. She had no plans for providing for the children should they have been returned to her, and no plans for the future concerning employment. The finding that she

was unable to discharge her parental responsibilities due to mental illness or deficiency, and that such condition would continue for a prolonged and indeterminate period, was well within the evidence before the trial court, and was not an abuse of discretion. State v. Johnson, *supra*; State v. O'Tool, 196 Neb. 708, 246 N. W. 2d 198. The order entered terminating parental rights was correct and should be affirmed.

AFFIRMED.