LORRAINE GREENFIELD, APPELLEE, V. MARLIN
GREENFIELD, APPELLANT.

260 N. W. 2d 493

Filed December 21, 1977. No. 41256.

Ronald J. Palagi, for appellant.

Sandra K. Olejniczak, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The parties to this action were divorced on March 5, 1976. The decree approved a property settlement and child custody agreement providing that Lorraine Greenfield, petitioner and appellee here, should have custody of the parties' two minor children, Shane, the adopted child of appellant and the natural child of appellee, now age 10, and Jay, the natural child of the parties, now age 4. The appellant had suffered a severe business reversal in a service station and was not able nor required to pay child support.

Appellant filed an application for change of custody on November 26, 1976, alleging a change of circumstances and that appellee Lorraine Greenfield was not a fit and proper person to have the custody of the minor children. The trial court denied

the application and confirmed the custody of the appellee with reasonable visitation to appellant. Appellant appeals.

All parties agree that the care for the physical needs of the children by Lorraine has been exemplary within her means; nor has any complaint been raised against the appellant Marlin who has contributed to the children's needs by purchases of clothing and toys and occasional modest support payments although not under court order to do so. Marlin has been faithful in visitation, and the older son Shane, a witness, testified he would like to live with both of them and loved each of them.

Each has an adequate income and support from relatives and friends although Marlin's work history is less stable than that of Lorraine.

The circumstances which gave rise to this application are easily stated, but difficult to resolve. About the latter part of September 1976, a Donny Ring moved into the home Lorraine was sharing with her children and lived with her in the one bedroom shared by all. Sexual relations between Donny and Lorraine were observed by Shane. Donny Ring was unemployed, drank a good deal, but was not unkind to the children or abusive toward them. He did not contribute to the household expenses and used whatever money he received to maintain a trailer, his car, and his drinking expense which ran approximately $100 to $150 a month. Upon notice to Lorraine of the application for change of custody, Donny moved out and, according to Lorraine, will remain out until such time as they marry, which is contemplated but not definitely planned.

Marlin also lived out of wedlock with a woman for a month although the children did not visit him at her home while he was doing so. The children were once brought to the woman's home for a visit.

The trial court obviously believed Lorraine's declaration that she would not again live with Donny

outside of marriage nor live with him in marriage in the same bedroom with the children.

We have long passed the point where sexual misconduct automatically disqualifies a mother from obtaining custody of her minor children. See Lockard v. Lockard, 193 Neb. 400, 227 N. W. 2d 581. We are further aware of the drastically changing life styles and the casualness with which intimate relations are entered and ended. We are, however, unaware of a case involving this type of action where custody was not changed or at least severely modified.

In child custody cases, this court gives great weight to the findings of the trial court in determining the best interests of a minor child. Reynek v. Reynek, 193 Neb. 404, 227 N. W. 2d 578.

The trial court's findings will not ordinarily be disturbed on appeal unless there is a clear abuse of discretion or the decision is against the weight of the evidence. Boyles v. Boyles, 191 Neb. 66, 213 N. W. 2d 729.

We cannot condone the appellee's actions nor can we approve the appellant's life style. In view of the otherwise satisfactory care of the children and the trial court's belief that the objectionable conduct has ended, we only modify the trial court's order to the extent that physical custody of the minor children remain with appellee. Legal custody is placed in the District Court, with the suggestion that the court require periodic visits in the home by the welfare department of the county. Appellant shall continue to have reasonable rights of visitation. We affirm, as modified, the decision of the District Court. No costs are allowed to either party.

AFFIRMED AS MODIFIED.