LORRAINE GREENFIELD, APPELLEE, v. MARLIN GREENFIELD, APPELLANT.

264 N. W. 2d 675

Filed April 12, 1978. No. 41648.

Ronald J. Palagi, for appellant.

Sandra K. Olejniczak, for appellee.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and WHITE, JJ., and COLWELL, District Judge.

COLWELL, District Judge.

Respondent appeals from an order modifying a decree of dissolution which required him to now pay child support in the sum of $75 a month for each of his two minor sons, ages 5 years and 10 years. The children are in the physical custody of petitioner, with the legal custody retained in the District Court. See Greenfield v. Greenfield, 199 Neb. 648, 260 N. W. 2d 493. At the time the original decree of dissolution was entered on March 5, 1976, respondent was without resources and employment, and that decree did not require him to pay child support, all in accordance with a written agreement between the parties.

On June 23, 1977, petitioner filed her application for modification of decree alleging that she was in need of child support, respondent's present earning capacity was sufficient to contribute to the support of the minor children, and a material change in the circumstances of the parties and the best interests of the minor children required the decree to be modified; and praying that respondent should pay a reasonable sum for child support. Issues were joined after notice, and hearing was had on the issue of child support on July 26, 1977. Petitioner established that she had been continuously employed since the day of the original decree and her net income had increased from $500 to about $600 a month. The living expenses of herself and the two minor children had also increased about $100 a month. The record is not clear as to the amount of this increase attributable to the two minor children. Respondent stipulated that the expenses of the petitioner were fair and reasonable, except the expense claimed by the petitioner for food.

Respondent has remarried and he now has regular

employment as an auto body repairman with net earnings of about $867 a month. His living expenses are about $725 a month. The trial court took judicial notice of the pleadings that respondent desired custody of the two minor children, and also his admission that his income was sufficient to support the two children in his home.

"In the matter of child support while the father has the primary responsibility to support his children, the trial court should not ignore the ability of the mother. It has the responsibility of adjusting the equities between the parties. * * * Pervading all questions concerning rights of the respective parents, the paramount consideration is the best interests and welfare of the children. The determination of custody and fixing of child support rests in the sound discretion of the court and in the absence of an abuse of discretion will not be disturbed." Kockrow v. Kockrow, 191 Neb. 657, 217 N. W. 2d 89. Subsequent changes in child support may be made by the court when required after notice and hearing. See § 42-364, R. S. Supp., 1976.

Respondent claims as error the finding by the trial court that there was a change of financial circumstances of petitioner. He does not object to the court's finding that he is capable of contributing to the support of his two minor children.

The record clearly supports a finding of a material change in the abilities of both parties to contribute to the support of their two minor children, and the trial court's order modifying the original decree to require respondent to contribute child support in the amount of $75 per month for each child. The trial court did not abuse its discretion.

Respondent's other assignments of error are without merit.

On July 25, 1977, respondent filed with his answer a separate cross-application alleging a change of circumstances as to the petitioner being a fit and

proper custodial parent, and prayed for a change of custody of the two minor children from petitioner to respondent. This cross-application was ordered for hearing on August 24, 1977, on which date the respondent failed to appear, and his application was dismissed without hearing.

The issue of child custody in this case was considered by this court in Greenfield v. Greenfield, *supra*. In our decision there we said: "In view of the otherwise satisfactory care of the children and the trial court's belief that the objectionable conduct has ended, we only modify the trial court's order to the extent that physical custody of the minor children remain with appellee. Legal custody is placed in the District Court, with the suggestion that the court require periodic visits in the home by the welfare department of the county."

Most of the record before us and respondent's brief relates to the fitness of petitioner as a custodial parent, the details of which are not recited here since child custody was not an issue in this appeal. It is sufficient to say that the record suggests that petitioner continues to occupy a home with the two minor children and a man, Donny Ring, not her husband, under circumstances which may be harmful to the morals of the two minor children. We take notice of these matters and conclude that the best interests of the two minor children require further consideration and an evidentiary hearing on the issue of their physical custody. The District Court shall forthwith use its summary powers and, after notice to all parties, set this cause for further hearing on the issue of the physical custody and the best interests of the two minor children. See, § 42-364, R. S. Supp., 1976; Benson v. Benson, 190 Neb. 87, 206 N. W. 2d 51; Francis v. Francis, 195 Neb. 417, 238 N. W. 2d 468.

Petitioner is allowed $350 for the services of her attorney in this court.

AFFIRMED WITH DIRECTIONS.