IN RE APPLICATION OF SYLVIA CONTRERAS FOR A WRIT OF HABEAS CORPUS. SYLVIA CONTRERAS, APPELLEE, V. REFUGIA ALSIDEZ ET AL., APPELLANTS.

265 N. W. 2d 452

Filed May 3, 1978. No. 41665.

Brian R. Watkins, Richard Scott, and William C. Peters, Jr., for appellants.

Benjamin M. Shaver of Hancock & Shaver, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

This is an appeal in a habeas corpus proceeding involving the custody of a minor child. The trial court ordered the four respondents, Refugia Alsidez, Lorenzo Alsidez, Sr., Gloria Alsidez (now Morales),

and Lorenzo Alsidez, Jr., to deliver the child to her mother, Sylvia Contreras, and respondents appeal. We affirm.

Sylvia Contreras is the mother of Paula Contreras who was born on December 14, 1970, at the time when Sylvia was 14 years of age. Refugia and Lorenzo Alsidez, Sr., are the paternal grandparents of Paula. Gloria Alsidez (Morales) and Lorenzo Alsidez, Jr., are the paternal aunt and uncle of Paula. Refugia Alsidez was 62 years old at the time of the trial. Lorenzo Alsidez, Sr., who did not appear, was about 67 years of age. Refugia speaks very little English, and Lorenzo speaks none at all. Sylvia was never married to the father of the child, Guadalupe Alsidez, who died in an automobile accident September 26, 1976.

In May 1975, Sylvia was living with Guadalupe when her parents came to visit her. Guadalupe told them to leave. When Sylvia told him she was leaving with her parents, he beat her. He fired a few shots at the house with his rifle and then left. He returned the following morning and disabled the Contreras' car by removing the battery. Paula at that time was outside and he took her with him. Sylvia left for Texas with her parents. She was later informed by Guadalupe that she could not have Paula unless she came back to him. This she refused to do. Sylvia did not know of Guadalupe's death until she initiated divorce proceedings in October or November of 1976. At that time she was told by Guadalupe's mother, Refugia, that she could not have Paula.

It will serve no useful purpose to summarize the evidence presented on this custody issue. Suffice it to say the District Court determined Sylvia was a fit and proper parent; that she did not abandon Paula or forfeit her right to custody; and that it is in the best interests of Paula that she be returned to her mother, Sylvia.

In Bigley v. Tibbs, 193 Neb. 4, 225 N. W. 2d 27 (1975), which was a habeas corpus action to obtain custody of a child brought by the child's mother against the sister of the child's deceased father, we stated: "When a controversy arises as to the custody of a minor child between a parent and a third person, the custody of the child is to be determined by the best interests of the child with due regard for the superior rights, as between the parties, of a fit, proper, and suitable parent." We also said in that case: "In a habeas corpus proceeding to determine the custody of a child, the prime consideration is the welfare of the child."

In cases involving child custody determinations, the findings of the trial court, both as to the evaluation of the evidence and as to its judgment as to the matter of custody, will not be disturbed on appeal unless there is a clear abuse of discretion or the decision is against the weight of the evidence. Rejda v. Rejda, 198 Neb. 465, 253 N. W. 2d 295 (1977).

Paula has known very little security in her 7½ years. We agree with the trial judge. The best interests of the child will be served by returning her custody to her mother. The judgment of the District Court is affirmed.

AFFIRMED.