EDWARD LOUIS MCCURRY, APPELLANT, V. LAUREN MARIE MCCURRY, APPELLEE.

274 N. W. 2d 865

Filed January 30, 1979.  No. 41740.

Jarve L. Garrett, for appellant.

Vincent P. Sutera of Sutera & Sutera, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

MCCOWN, J.

This is a proceeding for dissolution of marriage. The District Court dissolved the marriage, granted custody of the three minor children to the wife, ordered the husband to pay child support, and made a property division.  The husband has appealed.

The parties were first married in 1966, divorced in 1972, and remarried on June 18, 1973.  At the time of the decree in this case, in the fall of 1977, the children

were 1 1/2, 10, and 11 years old. In the fall of 1976 the wife moved out of the family home, taking the infant girl with her and leaving the two older children with the husband.

The husband filed his petition in this case on January 25, 1977, seeking dissolution of the marriage and custody of the children. The wife, by answer and cross-petition, sought dissolution of the marriage, custody of the children, and support for herself and the children. On March 2, 1977, the District Court granted temporary custody of the two older children to the husband and custody of the infant daughter to the wife, and ordered the husband to pay temporary support for the wife and infant daughter. The monthly amount of temporary support was later reduced from $150 to $60 per month because the husband had been disabled and was unable to work.

The case was tried on August 29, 1977. At time of trial the husband was a 32-year-old construction worker. His take-home pay, when working, was $884 per month. His income had been reduced during 1977 because of an injury to his knee. He admitted that he was an alcoholic and that he still drank on occasion, although he had completed a rehabilitation course for alcoholics at a local institution. The wife testified that her husband had not been cured of alcoholism, still drinks, and would not be a proper person to have custody of the children. She testified to acts of violence against her and the children, some of which the husband admitted.

The wife was 28 years old at the time of trial and was employed by Northwestern Bell Telephone Company. She had a gross income of $710 per month. The testimony of the social worker appointed by the court to investigate the care of the children was that both the wife and the husband could adequately care for the children. The trial judge questioned the two older children in chambers. The girl preferred to live with her mother. The boy

preferred to live with his father.

The decree of the District Court dissolved the marriage and granted the wife custody of the three minor children, subject to reasonable visitation rights by the husband. The husband was ordered to pay child support of $50 per month per child until he was able to return to work, and $100 per month per child thereafter until each of the children reached the age of majority, married, or otherwise became emancipated, whichever occurred first. The decree also provided that the wife should have exclusive possession of the family home until such time as both of the two older children reach majority, die, or become emancipated, whichever combination of events occurred first. The wife was required to make the monthly mortgage payments on the house, and the court directed that upon sale of the home any net equity realized should be divided equally between the parties. The court also awarded the wife the household furnishings and fixtures in the family home and a Volkswagen automobile. Any other personal property was awarded to the party in possession. The husband has appealed.

The husband contends that he, rather than the wife, should have been awarded custody of the children or, at least, of the two older children. The rule is well established in this court that in determining the question of who should have the care and custody of a child upon the dissolution of a marriage, the paramount consideration must be the best interests and welfare of the child. Schinkel v. Schinkel, 199 Neb. 1, 255 N. W. 2d 851.

The determination of the trial court with respect to awarding or changing the custody and support of minor children is subject to review, but the determination of the trial court will not ordinarily be disturbed on appeal unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. Schmer v. Schmer, 197 Neb. 800, 251 N. W.

2d 167. The evidence in the case now before us supports the action of the trial court. The evidence is persuasive that the best interests of the children will be better served by awarding custody to the wife. There was no abuse of discretion here.

The husband also contends that the trial court erred in awarding the use of the family home to the wife, and also in awarding her various items of furniture and personal property. A division of property rests in the sound discretion of the District Court, and in the absence of an abuse of discretion will not be disturbed on appeal. Schmer v. Schmer, *supra*. There was no abuse of discretion in the case now before us.

The judgment of the District Court was correct and is affirmed. The wife is awarded the sum of $250 for the services of her attorney in this court.

AFFIRMED.