NANCY HAYNES, DECEASED, APPELLEE, V. EDWARD L. HAYNES, APPELLANT, NADINE BARRETT, INTERVENOR-APPELLEE.

286 N. W. 2d 108

Filed December 11, 1979. No. 42530.

David L. Herzog, for appellant.

Richard M. Fellman and Fellman & Ramsey, for intervenor-appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

The instant appeal presents to the court one of the most difficult tasks a court faces — determining the physical custody of minor children. Unfortunately for us, we possess neither the wisdom of Solomon nor his child-sharing sword and must therefore attempt to arrive at some solution as best we can.

The trial court awarded custody of the minor children to intervenor, Nadine Barrett (Grandmother), and ordered the appellant, Edward L. Haynes (Father), to pay child support in the amount of $27.50 per week per child. We affirm the judgment.

Father is the natural father of two children, born October 12, 1966, and March 31, 1968. The marriage

of the parents of the children was dissolved by court decree on July 24, 1975, with custody of the children awarded to the wife.

Immediately after the dissolution of the marriage, the wife and the minor children resided with Grandmother who was the wife's natural mother. Thereafter, and until her death on July 27, 1978, the wife and minor children lived next door to Grandmother. Upon the wife's death the children moved in with Grandmother and have remained with her ever since.

Some 3 months after the wife's death, Father filed an application seeking custody of the minor children. Shortly thereafter, Grandmother also filed an application seeking the legal custody of the minor children who were then in her physical custody.

Hearing was thereafter held by the trial court, at which evidence was adduced, and which in the main established that both Father and Grandmother were fit and proper persons to have custody of the minor children. With the consent of the parties, the trial court interviewed the children in camera, outside the presence of counsel and without a court reporter. While this practice may put the children more at ease and is therefore commendable, it does in fact deny to this court the information with which the trial court was provided. We must, nevertheless, presume that the information so provided to the trial court played a role in its decision; and while we consider the appeal de novo, we must give weight to the fact that the trial court saw and observed the witnesses and the attitude of the parties at trial and, likewise, had the opportunity to hear the witnesses and weigh their testimony. Fleharty v. Fleharty, 202 Neb. 245, 274 N. W. 2d 871.

Furthermore, though the determination of the trial court with respect to awarding or changing custody is subject to review, the determination of the trial court will not ordinarily be disturbed on appeal

unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. McCurry v. McCurry, 202 Neb. 235, 274 N. W. 2d 865; Greenfield v. Greenfield, 200 Neb. 608, 264 N. W. 2d 675; Contreras v. Alsidez, 200 Neb. 773, 265 N. W. 2d 452.

While the wishes of a child under the age of 14 years are not controlling where in conflict with what the courts regard as the minor's best interests, still, even though an infant is under the age of 14, if he has reached an age sufficient to form an intelligent preference, it is proper that his wishes should be consulted in connection with the selection of a guardian. Gray v. Hartman, 181 Neb. 590, 150 N. W. 2d 120; State, ex rel. Bize v. Young, 121 Neb. 619, 237 N. W. 677.

While we have already indicated that both parties appear to be fit and proper persons to have custody of the minor children, there are some distinctions. Father has, during the years for whatever reason, failed to fulfill his financial obligation to his minor children. Although it appears from the evidence that Father has always had adequate employment and sufficient income, he virtually failed to provide for his children as ordered by the court. The records indicate that between 1975 and 1978 he failed to pay more than $4,500 in child support. That is hardly the type of behavior one would expect from a concerned father.

Father maintains that he made payment directly to the wife prior to her death. Yet, the record shows that on September 3, 1976, Father was found by the District Court for Douglas County, Nebraska, to be in arrears $1,560. At the rate of $18.71 per child per week, Father had not, at the time of that hearing in September of 1976, paid for almost 42 weeks.

Likewise, it was 3 months after his former wife's death that he made any attempt to assert claim to the children even though Grandmother had no legal basis for retaining custody as against Father.

We have many times said that the primary consideration in matters involving child custody, whether arising as a part of the proceeding for dissolution of marriage or otherwise, is that the award of custody should be determined in accordance with the test of what is in the best interests of the minor child. Liebsack v. Liebsack, 199 Neb. 266, 258 N. W. 2d 130; Bigley v. Tibbs, 193 Neb. 4, 225 N. W. 2d 27; Kaufmann v. Kaufmann, 140 Neb. 299, 299 N. W. 617.

While it is true that a parent has a natural right to the custody of his child, the court is not bound as a matter of law to restore a child to a parent under any and all circumstances. The welfare of a child of tender years is paramount to the wishes of the parent where it has formed a natural attachment for persons who have long been in the relation of parents with the parents' approval and consent. Williams v. Williams, 161 Neb. 686, 74 N. W. 2d 543.

Our examination of all the evidence in light of the prevailing circumstances convinces us that the children have suffered sufficient trauma for the time being and that a period of certainty, tranquility, and security would indeed be in the children's best interests. After examining all the evidence and speaking with the children, the trial court apparently reached the same conclusion. We therefore affirm the judgment which placed the custody of the children for the present with Grandmother and ordered Father to make child support payments.

One final word may be of value. Unquestionably, the welfare and interests of the children are always paramount. Not only does the court recognize this fact but each of the parties must do so likewise. Hopefully, they can work together in a spirit of cooperation and mutual interest. On the one hand, Father should, as a minimum, promptly make child support payments and, in addition, do what further he is inclined to do for the comfort and welfare of his children. And on the other hand, Grandmother

should do everything in her power to encourage the children to develop a relationship with their father. The placement of legal custody with Grandmother should not prevent Father from having full and free rights of visitation with his children. As is always true in cases of this nature, the matter of custody is always open for further review and change as the circumstances change and warrant a modification. Hopefully, both parties will cooperate and provide the children with a full family relationship.

AFFIRMED.

WHITE, J., dissenting.

I dissent. The majority has neither found the father to be unfit nor to have abandoned his children.

In Williams v. Williams, 161 Neb. 686, 74 N. W. 2d 543, we said, in an action involving a contest between the father and the paternal grandparents: "The courts may not properly deprive a parent of the custody of a minor child unless it is shown that such parent is unfit to perform the duties imposed by the relation, or has forfeited that right."

The majority has overruled Williams v. Williams, *supra,* while appearing to approve it. I would reverse.

CLINTON, J., joins in this dissent, except as to the conclusion that Williams v. Williams, *supra*, has been overruled.