JANET ELAINE BATENHORST, APPELLEE, v. DONALD FRANCIS BATENHORST, APPELLANT.

288 N. W. 2d 740

Filed February 26, 1980. No. 42485.

Luebs, Dowding, Beltzer, Leininger & Smith, for appellant.

Grady, Caskey & Thor, for appellee.

Heard before KRIVOSHA, C. J., WHITE, and HASTINGS, JJ., and RIST and BARTU, District Judges.

BARTU, District Judge.
The marriage of Janet Batenhorst and Donald

Batenhorst was dissolved August 2, 1978, and the custody of Travis Lee Batenhorst, born February 14, 1974, Ryan Matthew Batenhorst, born November 14, 1975, and Kelly Lynn Batenhorst, born November 29, 1976, was granted to Janet Batenhorst on November 30, 1978. Donald Batenhorst appeals, contending that it was not in the best interests and welfare of the minor children and an abuse of judicial discretion to award custody to his former wife. In essence, he argues that appellee's sexual misconduct, emotional instability, and lack of care of the children render her an unfit parent.

Custody of minor children is determined on the basis of their best interests. § 42-364, R. R. S. 1943.

Was it in the best interests of the minor children that they be placed with the appellee? The judgment concerning the best interests of children is necessarily quite subjective in nature. Many factors may be considered in light of the particular circumstances of every case. The general considerations of the moral fitness of the parents; the respective environments offered by each parent; the emotional relationships between the children and their parents; the ages, sex, and health of the children; the effects on the children of continuing or disrupting an existing relationship; the attitude and the stability of character of each parent; and the capability to furnish the physical care, education, and needs of the children are some of the many factors to consider. Christensen v. Christensen, 191 Neb. 355, 215 N. W. 2d 111 (1974).

The parties were married in Cedar Rapids, Nebraska, on September 7, 1973, and lived in Grand Island, Nebraska, until they separated on December 2, 1977, after which appellee moved to Columbus, Nebraska.

Appellee testified that appellant's drinking problem and physical abuse of herself and the parties' 2-year-old son caused the breakup of the marriage.

Appellant testified that he separated from the appellee because she started staying out late at night after her employment. He also testified that she was a lazy, messy housekeeper, both before and after the separation. This was corroborated by other witnesses.

Approximately 1 month prior to trial, appellee suffered a nervous breakdown, took eight or nine Valium pills, and was hospitalized for 3 days.

At the time of trial appellee was 21 years of age, unemployed, receiving A. D. C., pregnant by another man with whom she had had a relationship in Columbus, Nebraska, from December 1977 to March 1978; was receiving psychiatric treatment at the mental health center; was living in a two-bedroom trailer in Columbus, Nebraska, with her three children; and was attending the Evangelical Free Church. She testified she loved her children very much.

At the time of trial appellant was 26 years of age, employed by Sperry-New Holland Company in Grand Island, Nebraska, living with his parents in Cedar Rapids, Nebraska, and was a member of and attending the Roman Catholic Church. He had made some inquiries with regard to possible baby-sitters and living quarters but had no definite plans for housing or child care for the minor children other than by his mother.

Friends of the appellee who were frequent visitors in her home testified that her household was as clean as it could be considering the children, and that appellee lived alone with her three children after March 1978.

Appellant's mother testified that when she observed appellee's home in Grand Island shortly before the separation, it was cluttered and dirty. She observed cookie crumbs and bread crumbs on the floor. When she visited appellee's home in Columbus at Easter, it was fairly decent. She also testified that if the appellant were to get custody she

and her husband would care for the children until appellant could get suitable housing and child care.

An award of custody is subject to review de novo; however, the determination of the trial court will not ordinarily be disturbed on appeal unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. McCurry v. McCurry, 202 Neb. 235, 274 N. W. 2d 865 (1979); Greenfield v. Greenfield, 200 Neb. 608, 264 N. W. 2d 675 (1978); Haynes v. Haynes, *ante* p. 35, 286 N. W. 2d 108 (1979). We must also give weight to the fact that the trial court saw and observed the witnesses and the attitudes of the parties at trial and likewise had the opportunity to hear the witnesses and weigh their testimony. Fleharty v. Fleharty, 202 Neb. 245, 274 N. W. 2d 871 (1979).

Sexual misconduct is a factor which may be considered in determining what is in the best interests of minor children, but it is not necessarily determinative. Ahlman v. Ahlman, 201 Neb. 273, 267 N. W. 2d 521 (1978); Lockard v. Lockard, 193 Neb. 400, 227 N. W. 2d 581 (1975); Bartley v. Bartley, 197 Neb. 246, 248 N. W. 2d 39 (1976). The nature of the act or acts, the circumstances surrounding the commission thereof, and the probable effects as are related to the future welfare of the children must be carefully considered. Fisher v. Fisher, 185 Neb. 469, 176 N. W. 2d 667 (1970).

There is nothing in the record from which can be inferred past, present, or future adverse effects upon the minor children by reason of appellee's sexual misconduct.

In light of all the general considerations required for an award of custody, we cannot find that the award of custody to the appellee was clearly against the weight of the evidence or an abuse of judicial discretion.

The judgment of the trial court is affirmed.

AFFIRMED.