JANET KAE HICKS, APPELLANT, V. CHARLES K.
HICKS III, APPELLEE.

334 N.W.2d 807

Filed June 10, 1983. No. 82-597.

Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellant.

McCormack, Cooney, Mooney & Hillman, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding for dissolution of a marriage. The trial court dissolved the marriage; divided the marital property; awarded alimony to the petitioner wife; and awarded custody of the minor child of the parties, Leigh Anne, born June 27, 1979, to the respondent husband, with "liberal" visitation rights in the petitioner.

The petitioner wife has appealed, and the principal issue upon the appeal is the award of custody to the respondent. The petitioner contends that custody of their daughter should have been awarded to her.

The review in this court of proceedings for dissolution of a marriage is de novo upon the record. Although we are required to reach a determination of the issues independent of that made by the District Court, where the evidence is in conflict we consider that the District Court saw and heard the witnesses and accepted one version of the facts.

The parties were married in 1972. The respondent is 30 years of age and employed in the Federal Land Bank National Data Processing Center. The petitioner is 30 years of age, has been employed part-time as a babysitter and as a teacher at a preschool. She also gives piano and organ lessons. She is qualified as an elementary schoolteacher and plans to return to full-time teaching in approximately 2 years.

In January 1981 the petitioner obtained a part-time job as organist at St. Luke's Episcopal Church in Plattsmouth, Nebraska. At that time she met and became acquainted with the rector of the parish, Howard Allen Schoech. According to Schoech, the petitioner came to see him in February 1981 for counseling. In May 1981 the petitioner and Schoech commenced an adulterous relationship that continued, with brief interruptions, until the time of trial in the District Court.

In June of 1981 the petitioner told the respondent that she wanted out of the marriage. According to the respondent the petitioner stated that "she felt like she wanted to run from the whole thing, from me, from the farm, her family, Leigh Anne." Nevertheless, the parties continued to live together until November.

In November 1981, Judy Schoech, the wife of Howard, called the petitioner and inquired about the relationship between the petitioner and Schoech. The parties separated on the following day.

The petitioner's argument, reduced to its simplest terms, is that she feels she would be a better custodial parent for Leigh Anne than the respondent. We believe the record does not support that conclusion.

Under the present statute no preference may be given to either parent based upon the sex of the parent. There is no presumption that either parent is more fit to have custody of the children than the other. Neb. Rev. Stat. § 42-364(2) (Reissue 1978).

The respondent is a fit parent and there is no evidence to the contrary.

It is apparent from the record that under any arrangement the child would be away from the custodial parent during much of the day. The respondent has suitable living accommodations and has made arrangements with his sister to assist him in caring for his daughter. The arrangements which the respondent proposes to carry into effect seem to be entirely suitable under the facts and circumstances in this case.

The petitioner argues that in determining matters of child custody, adultery may be a relevant consideration but is not necessarily determinative. While it may be conceded that adultery does not, as a matter of law, deprive a parent of custody in every case, it is hardly a recommendation tending to prove fitness. Of necessity, the moral fitness and conduct of the parties, along with other matters, are of great significance in determining questions of custody. *Koch v. Koch*, 209 Neb. 896, 312 N.W.2d 294 (1981).

The relationship between the petitioner and Schoech was of a frequent and almost continuous nature. Yet the petitioner testified that she has no plans to marry Schoech. This is a matter to be taken into consideration in determining which parent should be given custody of the minor child. See *Batenhorst v. Batenhorst*, 205 Neb. 601, 288 N.W.2d 740 (1980).

As we view the record it was not error to award custody to the respondent. We find no basis upon which to disturb the order of the trial court in that regard.

The respondent offered the testimony of Schoech by deposition. The petitioner's objection on the ground that the testimony was hearsay and its probative value did not outweigh the prejudicial value was overruled. The petitioner now complains that the attendance of Schoech could have been com-

pelled because he lived within 100 miles of Platts-mouth, Nebraska.

The petitioner had stipulated that a subpoena issued for Schoech would be returned "not found." Neb. Rev. Stat. § 25-1267.04 (Reissue 1979) (repealed as of January 1, 1983) permitted the use of the deposition of a witness if the witness was out of the county of the place of trial or hearing, or if the party offering the deposition has been unable to procure the attendance of the witness by subpoena. See, also, *Haith v. Prudential Ins. Co.*, 171 Neb. 281, 106 N.W.2d 169 (1960).

There was no error in overruling the petitioner's objection to the offer of the deposition.

It is unnecessary to consider the other assignment of error.

The judgment is affirmed.

AFFIRMED.

KRIVOSHA, C.J., dissenting.

I regret that I must respectfully dissent in this case. I believe that we have imposed an improper double standard in this case. While I may not condone the actions of the appellant in this case, I do not believe that they are sufficient grounds upon which to deny to her the custody of her minor daughter.

The majority begins by acknowledging that under present statute no preference may be given to either parent based upon the sex of the parent and that there is no presumption that either parent is more fit to have custody of the children than the other. Having said that, we then proceed to determine that the mother should not have custody of the child because of her relationship with a male companion. I doubt we would take such action if the situation were reversed. It appears to me that we have imposed a double standard, which I had thought we had earlier eliminated from the law. I would have reversed the decision of the trial court and granted custody to appellant, who might raise her daughter as a natural

mother would, rather than having entered an order which will result in the child in effect being raised by her paternal aunt.